IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANK ALLEN RIVERA,**<br>     Plaintiff,<br><br>v.<br><br>**DOCTOR JESSE KIRSH,** *et al.*,<br>     Defendants. | :<br>:<br>:<br>:  **CIVIL ACTION NO. 20-CV-2453**<br>:<br>:<br>: |

## MEMORANDUM

**BAYLSON, J.**                                                                                                                  **JULY   22, 2020**

*Pro se* Plaintiff Frank Allen Rivera, a pretrial detainee at Berks County Jail, has filed a Complaint using the Court's form for prisoners to bring federal constitutional law claims pursuant to 42 U.S.C. § 1983.[1]  Named as Defendants are Berks County Jail System Medical Department and Dr. Jesse Kirsh.  Both Defendants are sued in their official capacities.  Rivera also seeks leave to proceed with this case without paying the filing fee.  For the following reasons, Rivera's request to proceed *in forma pauperis* will be granted, the Complaint will be dismissed in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] The Clerk of Court filed Rivera's handwritten form Complaint on April 15, 2020. However, the Complaint Rivera submitted was not signed.  (ECF No. 1.)  In an Order filed May 29, 2020, the Clerk was directed to return the unsigned pleading and Rivera was ordered to sign it and return it to the Court if he wanted to continue with the case.  (ECF No. 2.)  On July 14, 2020, the Court received a letter from Rivera indicating he received the May 29 Order, but the unsigned pleading was not attached.  (ECF No. 5.)  On July 17, the Court directed the Clerk to send another copy of the pleading to Rivera.  (ECF No. 6.)  On July 20, 2020, the Court received a substantially identical handwritten and signed version of the Complaint.  (ECF No. 1-3.)  The Clerk has substituted the signed copy on the docket and the Court will consider it to be the operative pleading in the case.

**I.       FACTUAL ALLEGATIONS**

Rivera's allegations are straightforward.  He contends that on or about March 7, 2020, he received incorrect medication that caused him to lose his memory for four days.  (ECF No. 1 at 5.)[2]  Although he cannot fully recall the incident, he asserts a nurse came to his cell and gave him medication in a small cup.  The took it because he is prescribed medication.  Defendant Kirsh later admitted that he had received incorrect medication.  (*Id.*)  Rivera was taken to the prison medical department following the incident and was placed in medical confinement and checked every fifteen minutes.  His blood pressure was monitored for ten days and he received ibuprofen for his symptoms.  (*Id.*)  Rivera seeks money damages.  (*Id.*)

**II.      STANDARD OF REVIEW**

Because Rivera is unable to pay the filing fee in this matter, the Court grants him leave to proceed *in forma pauperis*.[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice.  *Id.*  As Rivera is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] Because Rivera is a prisoner, under the terms of the Prison Litigation Reform Act he is still required to pay the filing fee in full in installments.

### III.  DISCUSSION

Rivera's Complaint cites 42 U.S.C. § 1983 as the basis for the Court's subject matter jurisdiction over his claims. That section provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### A.  Claim Against Berks County Jail System Medical Department

Rivera's § 1983 claim against Defendant Berks County Jail System Medical Department must be dismissed because a prison medical department is not a "person" subject to suit under § 1983. *See Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir.1973) (state prison medical department not a "person" under § 1983); *Ruff v. Health Care Adm'r*, 441 F. App'x 843, 845 (3d Cir. 2011) (stating that district court did not err in dismissing prison's medical department because it is not a "person" under § 1983 (citing *Cahill*)). Accordingly, Berks County Jail System Medical Department is dismissed with prejudice.

#### B.  Claim Against Defendant Kirsh

To state a constitutional claim based on a prisoner's medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical

needs.[4]  *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.  "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."  *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted).  Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  A serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991).  Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation.  *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).  Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

---

[4] As it appears that Rivera was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs his claims.  *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).  However, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis.  *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam); *see also Moore v. Luffey*, No. 18-1716, 2019 WL 1766047, at *3 n.2 (3d Cir. Apr. 19, 2019) (declining to address whether a new standard applies to claims raised by pretrial detainees based on issues related to medical care).

Rivera's claim against Dr. Kirsh is not plausible.  First, he does not allege that it was Dr. Kirsh who gave him the incorrect medication.  He only alleges that Dr. Kirsh confirmed to him that this had occurred.  As such, he has not allegedly that Dr. Kirsh was personally responsible for what occurred or that he was deliberately indifferent to his medical needs because he refused, delayed or prevented necessary treatment.  In addition, Rivera concedes that he received medical treatment for the incorrectly dispensed medication.  Moreover, even if he had named as a defendant the nurse who allegedly dispensed the incorrect medication, that claim too would not have been plausible.  As noted, an allegation that a prisoner has been the victim of medical malpractice is insufficient to state a constitutional violation.  *Spruill*, 372 F.3d at 235.  Since dispensing medication improperly, where there is no assertion that the act was anything other than negligent, does not raise a constitutional claim, even if Rivera had alleged that Dr. Kirsh was responsible for the incident, the claim would not be plausible.

Finally, Rivera has sued Dr. Kirsh in his official capacity.  A claim against a government official named in his official capacity is indistinguishable from claims against the governmental entity that employs him.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

Assuming Dr. Kirsh is an employee of Berks County, to state an official capacity/ municipal liability claim, Rivera must allege that Berks County had a policy or custom that caused the alleged constitutional violation.  *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).

5

The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard.  *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).  Since Rivera has made no policy or custom allegations concerning the incorrect dispensing of medication, his official capacity claim is not plausible.

The Court cannot, however, at this juncture say that Rivera can never state a plausible constitutional claim based on his allegation that he received incorrect medication.  Accordingly, other than the claim discussed above against Berks County Jail System Medical Department, Rivera's Complaint will be dismissed without prejudice and with leave granted to file an amended complaint if he is able to cure the defects the Court has identified in his § 1983 claims.[5]  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile."); *see also Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000) (same).

## IV.    CONCLUSION

For the reasons stated, Berks County Jail System Medical Department is dismissed with prejudice.  The other claims asserted in Rivera's Complaint are dismissed without prejudice and with leave to file an amended complaint.  An appropriate Order follows.

**BY THE COURT:**

**s/ Michael M. Baylson**
_____
**MICHAEL M. BAYLSON, J.**

---

[5] Rivera is also free to assert any state law claim for medical malpractice in the appropriate Pennsylvania state court.